IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Angela Regina Adams-English**<br>*Plaintiff,*<br><br>v.<br><br>**Harris County Clerk's Office,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.**<br>**4:18-CV-00561** |

**FIRST AMENDED MOTION TO DISMISS BY PUTATIVE DEFENDANT
HARRIS COUNTY CLERK'S OFFICE**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE KEITH ELLISON:**

Putative Defendant Harris County Clerk's Office now files its First Amended Motion to Dismiss Pursuant to Rule 12(b)(6), FED. R. CIV. P., and would respectfully show the Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff brought a Title VII of the Civil Rights Act of 1964 claims against the Harris County Clerk's Office on February 23, 2018, alleging that she was subjected to gender discrimination while employed by the Harris County Clerk's Office. The Original Complaint filed by Plaintiff is a form complaint entitled *Complaint for Employment Discrimination* [Doc. 1]. Plaintiff failed to request the issuance of a summons against the Harris County Clerk's Office.

2. On April 24, 2018, Plaintiff filed an Amended Complaint by completing a new *Complaint for Employment Discrimination* [Doc. 3]. The Amended Complaint dropped the Harris County Clerk's Office as defendant, and instead sued Stan Stanart, Robert Antill and George

1

Hammerlein ("Defendants"). Plaintiff's pleadings indicate that the adverse employment action she was subjected to was unequal treatment, retaliation and termination due to gender.

3. Defendants filed a motion to dismiss [Doc. 9] on May 15, 2018.

4. On June 13, 2018, Defendants filed a Proposed Discovery/Case Management Plan [Doc. 13] with the Court. Defendants identified Harris County, Texas as the proper party to the lawsuit.

5. After the Court provided Plaintiff with extensions to respond to the motion to dismiss, Plaintiff finally responded on August 10, 2018.

6. On November 2, 2018, the Court granted Defendant's motion to dismiss, but provided Plaintiff with 30 days to amend her complaint.

7. On December 3, 2018, Plaintiff filed her second amended *Complaint for Employment Discrimination* [Doc. 18].

8. The sole defendant identified in the live pleading is Harris County Clerk's Office.

9. Harris County Clerk's Office would show that it is a *non suis juris* defendant, and seeks the dismissal with prejudice of this lawsuit.

### THE LEGAL STANDARD FOR A MOTION TO DISMISS UNDER RULE FED. R. CIV. P. 12(b)(6)

10. FED. R. CIV. P. 12(b)(6), provides that a party may present its defense to a claim for relief in a pleading by motion if Plaintiff has failed to state a claim upon which relief can be granted. The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT AND AUTHORITIES

11. This case must be dismissed against the Harris County Clerk's Office, because the Harris County Clerk's Office is a *non sui juris* entity. It lacks the legal capacity to sue or be sued as a matter of law. A department must have a separate legal existence to be sued. *See Alcala v. Dallas County Sheriff's Dept.*, 988 F.2d 1210, 1210 (5th Cir. 1993); *Mercado v. Texas*, No. A-15-CA-834-LY, 2015 WL 6499733, at *2 (W.D. Tex. Oct. 26, 2015), *citing Johnson v. Kegans,* 870 F.2d 992, 998 n. 5 (5th Cir.), *cert. denied,* 492 U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989)(a county's district attorney's office is not a legal entity capable of being sued). A political subdivision cannot sue or be sued unless it is a separate and distinct corporate entity. *See Kirby Lumber Corp. v. State of La. Through Anacoco-Prairie State Game and Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961); *Thomas v. Houston Cty. Precinct No. 3*, No. CIV.A. 9:05CV85, 2005 WL 1629793, at *2 (E.D. Tex. July 11, 2005)(Houston County Pct. 3 has no capacity to be sued).

12. The capacity of an entity to sue or be sued is determined by the law of the state where the court is held. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

13. A plaintiff has the burden of showing that a city or county department has the capacity to be sued. *See Darby*, 939 F.2d at 314. Plaintiff cannot do so in this case, because it is undisputed that the Harris County Clerk's Office is not a separate and independent legal entity. Consequently, the lawsuit against the Harris County Clerk's Office should be dismissed with prejudice.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Putative Defendant Harris County Clerk's Office respectfully requests that its Motion to Dismiss Pursuant to Rule 12(b)(6), FED. R. CIV. P. be in all respects granted and orders the dismissal with prejudice of all claims asserted against the

Harris County Clerk's Office.  The Harris County Clerk's Office further prays for all other relief this Court finds to be in the best interest of justice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | /S/  Armando S. Chiu |
|  | Armando S. Chiu |
| VINCE RYAN | Assistant County Attorney |
| HARRIS COUNTY ATTORNEY | Federal I.D. No. 38696 |
|  | State Bar No. 08534000 |
|  | 1019 Congress, 15th Floor |
|  | Houston, Texas 77002 |
|  | Telephone:  (713) 274-5345 |
|  | Facsimile: (713) 755-8924 |
|  | armando.chiu@cao.hctx.net |
|  |  |
|  | Attorney for the Harris County Clerk's Office |

### CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, a true and correct copy of this pleading was electronically filed with the Court and served pursuant to the Federal Rules of Civil Procedure to:

***Via Electronic Filing Service, E-Mail, Certified Mail 7017 1070 0000 2576 5132***
Angela Regina Adams-English
9429 Caddo Rd.
Houston, Texas 77078
englishar@yahoo.com


/S/  Armando Chiu
ARMANDO CHIU
Assistant County Attorney